# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| BO DEPENA and NATALIE DEPENA, legal representatives of a minor child, RHONE DEPENA, | No. 13-675V |
| | Special Master Christian J. Moran |
| Petitioners, | |
| | Filed: September 6, 2018 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Attorneys' fees and costs; motion for review; Federal Circuit appeal |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * *

<u>Michael A. Baseluos</u>, Baseluos Law Firm, PLLC, San Antonio, TX, for Petitioners;

<u>Heather L. Pearlman</u>, United States Dep't of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

      Although Bo and Natalie DePena did not receive compensation on their claim that their son, Rhone, developed pneumonia as a result of the administration of measles-mumps-rubella vaccine, the DePenas have filed for an award of attorneys' fees and costs as the Vaccine Act permits. 42 U.S.C. § 300aa-15(e). The DePenas received one previous award of interim attorneys' fees and costs in the amount of $148,586.81. The pending application seeks an award for work their

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

attorney performed in filing a motion for review and an appeal to the Federal Circuit.  For this work, the DePenas are awarded $56,637.25.

## Procedural History

Represented by Michael Baseluos, the DePenas filed their petition on September 12, 2013.  As detailed in the Interim Fees Decision, the case proceeded to a hearing.  A February 22, 2017 decision found that the DePenas failed to meet their burden of proof.  2017 WL 1075101.  But, this decision did not end the case as the DePenas, on March 21, 2017, filed a motion for review.

While the motion for review was pending, the DePenas were awarded $148,586.81 in attorneys' fees and costs on an interim basis.  This award was based upon the DePenas' September 8, 2016 motion.

The DePenas' motion for review was 20 substantive pages, presenting essentially three arguments.  The Court of Federal Claims heard oral argument.  It denied the motion for review, allowing judgment to be entered against the DePenas.  133 Fed. Cl. 535 (2017).

The DePenas, then, filed an appeal to the Federal Circuit.  The substantive portion of their initial brief, which they filed on November 5, 2017, was 57 double-spaced pages.  Their January 22, 2018 reply brief was 31 double-spaced pages.  The Federal Circuit heard oral argument.  Four days later, the Federal Circuit affirmed denying compensation in a disposition pursuant to Federal Circuit Rule 36.  730 F. App'x 938 (Fed. Cir. July 13, 2018).

Meanwhile, the DePenas filed a motion for an award of attorneys' fees and costs on January 31, 2018.  Although the Secretary responded, the Secretary did not advocate for whether an award of attorneys' fees and costs was appropriate and did not comment on the requested amount.  Resp't's Resp., filed Feb. 9, 2018.  This motion remained pending as parties in other cases litigated whether a special master could find that the Secretary waived any objection to amounts requested in attorneys' fees and costs.  See McIntosh v. Sec'y of Health & Human Servs., 2018 WL 3343249 (Fed. Cl. June 14, 2018) (ruling that a special master has an independent obligation to review motions for attorneys' fees and costs despite the lack of participation from the Secretary).  The DePenas twice updated their motion and later responded to an order for more information about the amount they were seeking.  Through an informal communication, the DePenas have clarified that they are requesting $46,626.00 in attorneys' fees plus $10,602.36 in attorneys'

2

costs for a total of $57,228.36.  The DePenas are not seeking reimbursement for any costs that they incurred personally.  The Secretary has not responded to the various updates from the DePenas, leaving the Secretary's February 9, 2018 order as his last word on the topic.  The motion is ready for adjudication.

## Analysis

1. **Have Petitioners Satisfied the Requirements for an Award of Attorneys' Fees and Costs?**

To be eligible for any award of attorneys' fees and costs, petitioners must satisfy the standards of good faith and reasonable basis.  See 42 U.S.C. § 300aa—15(e) (2012).  Here, the persuasiveness of the DePenas's motion for review and appeal seems questionable.  The DePenas essentially challenged the factual findings of the February 22, 2017 decision, although the DePenas attempted to cast their arguments in other terms.  Opinion and Order, 133 Fed. Cl. at 546-49.  However, although the motion for review and Federal Circuit appeal might be questionable, the Secretary has not raised any objection to either reasonable basis or good faith.  See Resp't's Resp., filed Feb. 9, 2018.  Therefore, the DePenas have satisfied these requirements.

2. **What Is A Reasonable Amount of Attorneys' Fees and Costs?**

   **A.  Attorneys' Fees**

The process of determining a reasonable amount of attorneys' fees involves the lodestar value.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1347-48 (Fed. Cir. 2008).

Here, the DePenas request $46,626.00 in attorneys' fees.  The charges are approximately the same for the motion for review ($24,427.50) and for the Federal Circuit appeal ($22,198.50).[2]  Mr. Baseluos has billed $265 per hour in 2016, $275 per hour in 2017, and $295 per hour in 2018.  When Mr. Baseluos performed tasks that a paralegal could perform, he billed $125 per hour.

---

[2] In both the motion for review phase and the Federal Circuit phase, Mr. Baseluos also spent some time working on requests for fees.  But, the work on fees was a small part of the overall billing.

The DePenas have not stated that they are requesting that Mr. Baseluos be compensated at rates prevailing in the forum.  See McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (setting forum rates), reconsideration denied, No. 09-293V, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  Regardless, the proposed rates for 2016 and 2017 are accepted as reasonable as appropriate for attorney in San Antonio, Texas with an amount of experience similar to Mr. Baselous.  See 2015 Hourly Fact Sheet, State of Texas Bar (Mar. 24, 2017), https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends.  However, Mr. Baselous has not justified the increase from $275 per hour in 2017 to $295 per hour in 2018.  An increase that is consistent with the inflation index the Office of Special Masters typically uses, the PPI-OL, results in an hourly rate for 2018 as $282 per hour.

For the number of hours, although not required, the undersigned has conducted a line-by-line review of the application for reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  The undersigned was impressed with Mr. Baseluos's billing judgment and the thoroughness of his time entries.  The number of hours spent was reasonable.

Due to the slight decrease in the hourly rate for 2018, the attorneys' fees are reduced by $510.79.  A reasonable amount of attorneys' fees is $46,115.21.

### B. Attorneys' Costs

The DePenas seek reimbursement for costs incurred in the appellate stages.  For the motion for review, the DePenas seek reimbursement of $967.36, which represents the cost of airline travel and the cost of a transcript.  For the Federal Circuit appeal, the DePenas seek reimbursement of $9,635.00.  The majority reflects the cost for a service to prepare the appendix, primary brief, and reply brief.  Other costs for the Federal Circuit include airline travel and a hotel stay.

Generally, these costs are reasonable.  The undersigned was again impressed with Mr. Baseluos's judgment in separating out costs for his personal enjoyment from costs for professional obligations.  Nevertheless, the undersigned finds the cost associated with premium seating on the plane to be unreasonable and not one

a client would pay.  Thus, $80.32 is deducted.  A reasonable amount of costs is $10,522.04.

## Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $56,637.25 to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $56,637.25 in attorneys' fees and costs.  This shall be paid as follows:

> **A lump sum of $56,637.25 in the form of a check made payable to petitioners and petitioners' counsel, Michael Baseluos, of Baseluos Law Firm, PLLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.